IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| EMERY HARBUCK, INDIVIDUALLY, | § |
| AS HEIR AT LAW, AS | § |
| REPRESENTATIVE OF THE ESTATE | § |
| OF JOSHUA HARBUCK, DECEASED, | § |
| AND AS NEXT FRIEND OF HH1 AND | § |
| HH2, MINORS, ET AL., | § |
| | § |
| Plaintiffs, | § |
| | § |
| VS. | § NO. 4:18-CV-576-A |
| | § |
| FORD MOTOR COMPANY, ET AL., | § |
| | § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiffs, Emery Harbuck, individually, and as representative of the Estate of Joshua Harbuck, Deceased, HH1 and HH2, minors, through Emery Harbuck as next friend, Harroll Harbuck, Jr., and Elizabeth Ann Harbuck, to remand. The court, having considered the motion, the response of defendant Ford Motor Company ("Ford"), the reply, the record, and applicable authorities, finds that the motion should be denied and that plaintiffs' claims against defendant RLB Sales and Leasing, LLC ("RLB") should be dismissed.

I.

### Background

Plaintiffs filed their original petition in the District Court of Tarrant County, Texas, 236th Judicial District, on April

25, 2017, naming Ford and RLB as defendants. Doc.[1] 9, tab 2. On July 27, 2017, Ford was served, id. at tab 7, and, on August 18, 2017, filed its answer and special exceptions. Id. at tab 11. On August 21, 2017, plaintiffs filed their first amended petition omitting their claims against Ford, naming RLB as the sole defendant. Id. at tab 12. On June 25, 2018, plaintiffs filed their second amended petition, this time asserting claims against Ford and RLB. Id. at tab 25. On June 27, 2018, Ford was served, id. at tab 27, and on July 13, 2018, filed its notice of removal, bringing the action before this court. Doc. 2. Ford says that RLB was fraudulently or improperly joined to defeat diversity jurisdiction and that its citizenship should be disregarded. Doc. 9 at 5-10.

Plaintiffs are the wife, minor children, and parents of Joshua Harbuck ("Harbuck"), who was killed in a rollover accident on January 17, 2017, in Erath County, Texas. Doc. 9 at tab 25. Plaintiffs say that this is a "negligence, strict products liability and breach of warranty case." Id. at 2 ¶ 7. They allege that the vehicle Harbuck was driving, a 2008 Ford F-250, had a rollover protection system ("ROPS") that was defectively designed, manufactured, assembled, marketed and sold by Ford. Id. at 3 ¶¶ 20-24. They allege that RLB was negligent in providing

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

incorrect factual representations regarding the vehicle and expressly and impliedly warranted that the vehicle was fit for its intended purposes. Id. at 6-8.

II.

Motion to Remand

Plaintiffs contend that Ford has failed to show that RLB was improperly or fraudulently joined and that the action must be remanded to the state court from which it was removed.

III.

Applicable Legal Principles

A. Removal

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district court would have original jurisdiction.[2] "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . which mandate strict construction of

---

[2] The removal statute provides, in pertinent part, that: [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a) (emphasis added).

the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

B. Fraudulent or Improper Joinder

To determine whether a party was fraudulently or improperly joined to prevent removal, "the court must analyze whether (1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). Because Ford has not alleged actual fraud in the pleadings, the applicable test for improper joinder is:

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004). To answer this question, the court may either: (1) conduct a Rule 12(b)(6)-type analysis or (2) in rare cases, make a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. at 573-74.

4

C. The Pleading Standard to be Used in the Rule 12(b)(6)-Type Analysis

Although there has been some uncertainty as to the pleading standard to be applied, the Fifth Circuit has most recently held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine if the plaintiff has stated a claim against a nondiverse defendant. Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 208 (5th Cir. 2016).[3] Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or

---

[3]The court notes that Texas now has a failure-to-state-a-claim rule that is substantially the same as the federal rule and that Texas courts have interpreted their Rule 91a as requiring a Federal Rule 12(b)(6)-type analysis and have relied on federal case law in applying Rule 91a. See, e.g., Wooley v. Schaffer, 447 S.W.3d 71, 76 (Tex. App.–Houston [14th Dist.] 2014, pet. denied); GoDaddy.com, LLC v. Toups, 429 S.W.3d 752, 754-55 (Tex. App.–Beaumont 2014, pet. denied). Thus, the outcome would be the same if the court were to apply the Texas pleading standard.

5

recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting

6

fraud or mistake." The Fifth Circuit requires a party asserting fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Hermann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)(internal quotations and citations omitted). Succinctly stated, Rule 9(b) requires a party to identify in its pleading "the who, what, when, where, and how" of the events constituting the purported fraud. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008). Rule 9(b) applies to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud. Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Claims alleging violations of the Texas Insurance Code and the Texas DTPA as well as those for fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b). Berry v. Indianapolis Life Ins. Co., 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009); Frith, 9 F. Supp. 2d at 742.

IV.

Analysis

In this case, Ford is the manufacturer and RLB the seller of a vehicle with an allegedly defective component system, the ROPS. Under Texas law:

> (a) A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:
> . . .
>   (5) that:
>      (A) the seller made an express factual representation about an aspect of the product;
>      (B) the representation was incorrect;
>      (C) the claimant relied on the representation in obtaining or using the product; and
>      (D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm; [or]
>
>   (6) that:
>      (A) the seller actually knew of a defect to the product at the time the seller supplied the product; and
>      (B) the claimant's harm resulted from the defect[.]

Tex. Civ. Prac. & Rem. Code § 82.003 (West 2017). Plaintiffs allege that they have pleaded facts to establish each of these exceptions as to RLB. Doc. 12 at 8.

Plaintiffs acknowledge that § 82.003(a)(5) involves the making of a misrepresentation. Doc. 12 at 9. Hence, Rule 9(b) of the Federal Rules of Civil Procedure is applicable. However,

plaintiffs have not pleaded any facts to identify the "who, what, when, where, and how" of the alleged misrepresentation by RLB. Instead, they merely recite the statutory language, which would not in any event be sufficient. See Ashcroft, 556 U.S. at 679. Further, although they argue that the term "crashworthy" is an established term of art, they fail to recognize that the statute requires a statement about a particular aspect of the product and not its reliability in general. Doc. 12 at 9-10. See Howard v. Lowe's Home Centers, LLC, 306 F. Supp. 3d 951, 958 (W.D. Tex. 2018); Gill v. Michelin N. Am., Inc., 3 F. Supp. 3d 579, 585 (W.D. Tex. 2013); Benavides v. Chrysler Group, LLC, No. 7:14-CV-518, 2014 WL 5507716, *4 (S.D. Tex. Oct. 9, 2014).

As for the "actual knowledge" exception, plaintiffs argue that they pleaded two relevant allegations:

> [t]here was a complete failure by Defendant RLB to provide any warnings regarding the F-250's lack of crashworthiness in a rollover crash, which risk was known or by the application of reasonably developed human skill and foresight should have been known to RLB.

Doc. 9, tab 25 ¶ 40. And,

> The conduct of Defendant was done knowingly.

Id. ¶ 53 (emphasis added). Doc. 12 at 11-12. Again, the allegations are wholly conclusory. The "actual knowledge" exception requires just that. The equivocation that RLB knew of

the risk or "by the application of reasonably developed human skill and foresight should have [] known" of the risk is fails to meet the test. Benavides, 2014 WL 5507716, at *4.

Finally, in any event, the court may make a summary inquiry to determine whether any discrete and undisputed facts exist that would preclude plaintiffs' recovery against the in-state defendant. Smallwood, 385 F.3d at 573-74. Here plaintiffs have pleaded that they relied on false representations made by RLB and that they would not have purchased the vehicle absent these false representations, Doc. 9, tab 25 ¶ 38. However, the record establishes that RLB only dealt with Harbuck (not any of the plaintiffs); RLB made no representations to Harbuck regarding the vehicle's safety or crashworthiness; and, RLB expressly disclaimed all warranties. Doc. 16 at 20-73, 77, 81. It would have been easy enough for plaintiffs to raise a fact issue, e.g., that RLB made misrepresentations to one of them, but they made no attempt to do so. Instead, they insinuate that there must be a legitimate claim against RLB because the state judge denied its motion for summary judgment. Doc. 12 at 13. That a state court judge declined to grant a motion for summary judgment is not evidence of anything except, perhaps, that state courts rarely, if ever, grant summary judgment motions. As plaintiffs themselves argued, RLB failed to meet its summary judgment burden. Doc. 16

at 90, 95. The state court did not have to determine whether there was a genuine fact issue for trial.

For the foregoing reasons, the court concludes that plaintiffs named RLB as a defendant in this action for the purpose of attempting to defeat federal court jurisdiction. RLB was improperly joined. None of the claims asserted against it would survive a motion to dismiss for failure to state a claim upon which relief may be granted, with the consequence that its citizenship should be disregarded in determining whether diversity jurisdiction exists. And, the court has concluded, for the same reason, that the claims against RLB should be dismissed.

V.

Order

The court ORDERS that plaintiffs' motion to remand be, and is hereby, denied.

The court further ORDERS that plaintiff's claims against RLB be, and are hereby, dismissed without prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiffs' claims against RLB.

The court further ORDERS that the caption of this action be

amended to reflect that Ford is the sole defendant.

SIGNED September 13, 2018.

/s/ John McBryde
_____
JOHN MCBRYDE
United States District Judge